# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikolay Koreyev,<br><br>              Petitioner,<br><br>v.<br><br>R. Jones, et al.,<br><br>              Respondents. | No. CV-25-04880-PHX-DWL (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 3 at 4).[1]    These habeas proceedings challenge only Petitioner's continued immigration detention (Doc. 1).    After previously opposing Petitioner's release from immigration detention (Doc. 11), Respondent now states that "Respondents do not oppose and [sic] order for the release of the Petitioner" (Doc. 25).    Thus, this matter appears ripe for a Report and Recommendation despite that Petitioner's briefing is not complete (*see* Docs. 6, 17).    Respondent's prompt notification to the Court of the change in position serves the interests of justice.[2]

---

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-25-04880-PHX-DWL (DMF).

[2] The Court appreciates the professionalism and work of all counsel in this matter.

## I.     PROCEDURAL HISTORY AND BACKGROUND

In November 2025, Petitioner Nikolay Koreyev ("Petitioner" and/or "Koreyev") filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody seeking release from immigration detention ("Petition") (Doc. 1) and a Motion for Appointment of Counsel (*Id.* at 15).  These documents reached the Court for filing in late December 2025 (Doc. 1-1).  No supporting documentation was submitted with the Petition (*see* Doc. 1).

The Petition challenges Petitioner's continued immigration detention (Doc. 1).  Petitioner argues that pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), his detention is prolonged and there is no significant probability of his removal in the reasonably foreseeable future (Doc. 1).  Petitioner asserts that: he was born in the Soviet Union, which does not exist anymore; he was admitted to the United States in May 1991 under refugee status; an immigration judge ordered him removed in 2000 (an order which he avers is a final order of removal); and no currently existing country recognizes him as a citizen (*Id.* at 3-4, 11).  At the time of the Petition's filing, Petitioner was confined in the Central Arizona Florence Correctional Center (CAFCC) (*Id.* at 1).  During these proceedings, Petitioner was transferred to a detention facility in California (Doc. 6).

On January 7, 2026, the Court screened the Petition ("Screening Order"), ordering an Answer by substituted Respondent Rosa:

> In the Petition, Petitioner names R. Jones, ICE, and DHS as Respondents. Petitioner states he was born in the Soviet Union and entered the United States as a refugee on May 30, 1991. At some point, Petitioner was charged or convicted of attempted murder and burglary. On September 10, 2000, an Immigration Judge ordered Petitioner removed from the United States. Petitioner did not appeal that decision to the Board of Immigration Appeals.
>
> On May 16, 2025, Petitioner was detained by ICE and has remained in custody since then. On August 16, 2025, Petitioner received a "Decision to Continue Detention" and is currently being held pursuant to a final removal order. Petitioner received a second "Decision to Continue Detention" on November 16, 2025. Petitioner alleges ICE is unlikely to remove him because he entered the United States as a refugee and "no other country

recognize[s him] as [a] citizen and the Soviet Union does not exist anymore."

In his one ground for relief, Petitioner claims his continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained for longer than six months and his removal is unlikely to occur in the reasonably foreseeable future.

The Court will dismiss Respondents ICE and DHS because a petitioner for habeas relief must name the official having custody of him as a respondent to the petition. *See Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. Calif. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994)). Because it is unclear who Respondent R. Jones is, the Court will substitute CAFCC Warden Luis Rosa, Jr., for R. Jones, and order Warden Rosa to answer the Petition.

(Doc. 3 at 1-2).  The Court denied without prejudice Petitioner's request for appointment of counsel based on the record before the Court at the time of the Screening Order (*Id.* at 2).

On February 2, 2026, Respondent Rosa filed an answer to the Petition ("Answer") (Doc. 11) which opposed Petitioner's release from immigration custody.  The Answer contends that Petitioner's detention is authorized by statute and is constitutional (*Id.*).  The Answer argues that Petitioner was ordered removed under 8 U.S.C. § 1227(a)(2)(A)(iii) and, although he has been detained longer than six months, Petitioner's removal to Azerbaijan is substantially likely in the reasonably foreseeable future (*Id.* at 2-4).  In support of the Answer, Respondent provided a declaration of Department of Homeland Security Deportation Officer Robert E. Jones attesting to the history of Petitioner's immigration and criminal proceedings ("DO Jones' Declaration") (Doc. 11-1).  Respondent did not provide any supporting documentation with DO Jones' Declaration.

DO Jones' Declaration reports that Petitioner was born in 1961 in Azerbaijan (Doc. 11-1 at 1, ¶ 4) and was admitted into the United States by legacy U.S. Immigration and Naturalization Service ("INS") on May 8, 1991 (*Id.* at 1, ¶ 5).  Per DO Jones' Declaration, after various criminal arrests and then convictions of some crimes, an Immigration Judge ("IJ") ordered Petitioner removed from the United States to Azerbaijan or Russia (*Id.* at 2,

¶¶ 8-13).   On June 17, 2002, Petitioner was released from custody pursuant to his convictions and was transferred to immigration detention pending his removal (*Id.* at 2-3, ¶ 14).  DO Jones' Declaration reports that the Embassies each of the Republic of Azerbaijan and of Russia denied travel document requests from INS in 2002 (*Id.* at 3, ¶¶ 15-18).  On March 21, 2003, ICE released Petitioner from custody on an Order of Supervision, Form I-220B (*Id.* at 3, ¶ 19).  Per DO Jones' Declaration, ICE requested a travel document for Petitioner from the Consulate General of the Russian Federation in April 2012, which was denied the next day (*Id.* at 3, ¶¶ 22-23).  DO Jones declares that on May 16, 2025, Petitioner was arrested and detained by ICE during a scheduled appointment pursuant to Petitioner's Order of Supervision (*Id.* at 3, ¶ 27).  DO Jones' Declaration informs that efforts in June, July, September, October, November, and December 2025 to obtain a travel document or even a status update from Azerbaijan have been unsuccessful (*Id.* at 4, ¶¶ 29-37); all communications and inquiries have been met with no response (*Id.*).

While more detailed than Petitioner's representations, these above representations in DO Jones' Declaration are consistent with the Petition's representations (Doc. 1).

DO Jones' Declaration also states that "[o]n May 15, 2025, ICE in Tucson, AZ, requested travel document assistance from the Head Quarters" which "reported that there is SLRRFF ['Significant Likelihood of Removal in the Reasonably Foreseeable Future'] to Azerbaijan" (Doc. 11-1 at 3, ¶ 26).  No explanation is given in DO Jones' Declaration as to the basis for belief that there is a significant likelihood of removal in the reasonably foreseeable future (Doc. 11-1).  Nor are any documents provided in support of such belief.

On February 6, 2026, the Court appointed counsel to represent Petitioner in these proceedings pursuant to 18 U.S.C. § 3006A(a)(2)(B) (Doc. 12).  On February 9, 2026, Petitioner's appointed counsel filed a motion for discovery (Doc. 14) and a motion for an extension of time to file an amended petition (Doc. 15).  The Court granted Petitioner's motion for an extension of time (Doc. 17).  After Respondent filed a response in opposition to Petitioner's motion for discovery and Petitioner filed a reply in support (Docs. 18, 19), the Court granted Petitioner's motion for discovery (Doc. 20).

- 4 -

On March 6, 2026, Respondent filed a Notice of Non-Opposition to Release of Petitioner (Doc. 25). In the notice, Respondent states:

> Respondents by and through undersigned counsel, hereby provide notice to the Court that Respondents do not oppose and [sic] order for the release of the Petitioner.

(Doc. 25 at 1).

In light of the record before the Court, including Respondent's Notice of Non-Opposition to Release of Petitioner (Doc. 25), and applicable law applied to this record, the Petition should be granted forthwith and Petitioner released from immigration detention immediately.

## II.    DISCUSSION

In his one ground for relief, Petitioner contests his continued immigration detention pursuant to a valid final order of removal under 8 U.S.C. § 1231 as a violation of Petitioner's due process rights under *Zadvydas*, 533 U.S. at 678 (Doc. 1).

As an initial matter, this Court has jurisdiction over these habeas proceedings despite that Petitioner has been transferred to a detention center in the Eastern District of California. Because Petitioner was confined in the District of Arizona when he filed the Petition, this habeas matter was properly brought in this district. *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990) (§ 2241 petition must be brought in the district of confinement). This Court may continue to exercise jurisdiction, notwithstanding Petitioner's transfer outside of this District. *See Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018); *see also Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985))).

In the section of the Answer discussing the standard for detention of aliens subject to a final order of removal, Respondent acknowledges that binding applicable law does not allow indefinite detention after the ninety day mandatory period of detention, that over six months detention is presumptively unreasonable, and that once Petitioner has shown that

removal is not likely in the reasonably foreseeable future then the burden shifts to the Government to show that removal is substantially likely in the reasonably foreseeable future (Doc. 11 at 2-3). The Answer does not address Petitioner's previous detention pending removal from June 2002 to March 2003, which was unsuccessful (Doc. 11). Nevertheless, the Answer argues that Petitioner's continued detention—initiated nearly ten months ago—is lawful and the Petition should be denied (*Id.* at 2-4). This argument relies on a bare assertion that there is a substantial likelihood of removal in the reasonably foreseeable future to Azerbaijan (Doc. 11 at 3; Doc. 11-1 at 3, ¶ 26).

The parties agree that the United States Supreme Court has held that 8 U.S.C. § 1231 "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. Further, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Here, Petitioner has been detained for nearly ten months. His current detention is in addition to his previous detention of nine months before his release under an Order of Supervision in March 2003. Accordingly, Petitioner's immigration detention is no longer "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Moreover, Respondent now does not oppose Petitioner's release from immigration custody (Doc. 25).

On the record presently before the Court, Petitioner has met his burden, and Respondent has not responded with sufficient evidence to show that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future. *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (government failed to rebut showing removal is not reasonably foreseeable when they have not shown "that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months."). DO Jones' Declaration states that between 2002 and 2012 the Embassies of the Republic of Azerbaijan and Russia denied several requests for travel documents (Doc. 11-1 at 3, ¶¶ 15-23). Further, the May 2025 representation from ICE Head Quarters

that there is a SLRRFF to Azerbaijan is contradicted by DO Jones' Declaration which states that efforts in June, July, September, October, November, and December 2025 to obtain a travel document or even a status update from Azerbaijan have been unsuccessful and that all communications and inquiries have been met with no response (*Id.* at 4, ¶¶ 29-37). Respondent has not met Respondent's burden to show that future efforts will not be similarly unsuccessful. Furthermore, Respondent now "do[es] not oppose and [sic] order for the release of the Petitioner" (Doc. 25 at 1). Accordingly, the prospect and timing of Petitioner's possible removal is speculative, and Petitioner is entitled to release pursuant to *Zadvydas*, 533 U.S. at 699. Therefore, the Petition must be granted insofar as Petitioner's immediate release from immigration custody.

**III.    CONCLUSION**

The Petition challenges Petitioner's continued immigration detention (Doc. 1). This is the second time that Petitioner has been in immigration custody for more than six months after a final order of removal and awaiting unsuccessful removal. Presently, Respondent "do[es] not oppose an[] order for the release of the Petitioner" (Doc. 25 at 1). Respondent has not shown that there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Thus, Petitioner's continued detention is unlawful pursuant to *Zadvydas*, 533 U.S. at 699, and the Petition should be granted such that Petitioner should be released from immigration custody immediately.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be granted as set forth herein.

**IT IS FURTHER RECOMMENDED** that Petitioner be ordered immediately released from immigration custody.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have **fourteen days from the date of service of a copy of this recommendation** within which to file specific written objections with the Court. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.  In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 9th day of March, 2026.

_____
Honorable Deborah M. Fine
United States Magistrate Judge